UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ENA L. MITCHELL, | Case No.  26-cv-00017-EJD |
| Plaintiff, | **ORDER DENYING MOTIONS TO REMAND** |
| v. | |
| CITY OF SOLEDAD, | Re: ECF Nos. 7, 11, 15 |
| Defendant. | |

Before the Court are Pro se Plaintiff Ena L. Mitchell's ("Mitchell") Motions to Remand this case back to Monterey Superior Court following Defendant City of Soledad's ("City") removal to this Court.  Mots., ECF Nos. 7, 11, 15; Notice of Removal, ECF No. 1.[1]  Mitchell also requests that costs incurred as a result of the remand be paid by the City.  Mots. 2.  Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, Mitchell's Motions are DENIED.

I.      BACKGROUND

Mitchell alleges that the City's Police Department unlawfully seized her vehicle and confiscated her home following an improperly executed safety inspection.  As alleged in Mitchell's Amended Complaint, on August 4, 2025, Soledad Police officers unlawfully authorized the towing of her car without providing advance notice to Mitchell.  Notice of Removal Ex. A, ECF No. 1-1, 2.  Mitchell further alleges that officers visited her house on August 19, 2025 and

---

[1] Mitchell filed her motion on the docket three times.  The filings are identical to one another.

Case No.: 26-cv-00017-EJD
ORDER DENYING MOTIONS TO REMAND
1

told her that the house was condemned; Mitchell alleges that at this time, in addition to being fearful that her house would be confiscated, she was in fear of being abducted or kidnapped. *Id.* at 3. Mitchell further alleges that on November 13, 2025, the Soledad Police Department performed a safety inspection of her home but did not provide her with a warrant prior to the inspection. *Id.* at 8. Mitchell alleges that during the inspection, officers: (1) took Mitchell's phone out of her hand and maintained possession of it for approximately twenty to thirty minutes; (2) removed Mitchell from her house; (3) performed a pat-down of Mitchell despite her objections; (4) removed Mitchell's wallet from her pocket; and (5) informed Mitchell that she could no longer stay in her house because it did not have running water. *Id.*

Mitchell alleges that during these events the City violated her Fourth, Fifth, and Fourteenth Amendment rights and engaged in discriminatory housing practices. *Id.* at 4. Additionally, Mitchell asserts violations of Sections 368, 136.1, 487(d)(1), and 1407 of the California Penal Code, as well as Section 15610.30 of the California Welfare and Institution Code. *Id.*

Mitchell filed an Amended Complaint in Monterey County Superior Court on November 26, 2025, and served it upon the City on December 3, 2025. The City removed this action to this Court on January 2, 2026 based on federal question jurisdiction. Notice of Removal 2. Mitchell moves to remand.

## II.   LEGAL STANDARD

Federal courts have an "independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) (citation omitted). A case may be removed from state court to federal court "only if the federal court would have had subject matter jurisdiction over the case." *Glob. Indus. Inv. Ltd. v. Chung*, No. 19-cv-07670-LHK, 2020 WL 2027374, at *2 (N.D. Cal. Apr. 28, 2020) (citing 28 U.S.C. § 1441(a) and *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal courts have original subject matter jurisdiction if the case (1) arises under federal law ("federal question jurisdiction") or (2) is between citizens of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). 28 U.S.C. §§ 1331, 1332. A case arises under federal law "'if a well-pleaded

Case No.: 26-cv-00017-EJD
ORDER DENYING MOTIONS TO REMAND

complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Cook Inlet Region, Inc. v. Rude*, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006)).

Federal courts may also exercise supplemental jurisdiction over certain state law claims "that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy" pursuant to 28 U.S.C. § 1367(a). *Campos v. W. Dental Servs., Inc.*, 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005). State law claims are part of the same case or controversy when they share a "'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." *Bahrampour v. Lampert*, 356 F.3d 969, 978 (9th Cir. 2004) (quoting *Trs. of the Const. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003). For such actions, 28 U.S.C. §§ 1441(a) and (b) provide the appropriate removal mechanism. *See Contemp. Servs. Corp. v. Universal City Studios, Inc.*, 655 F. Supp. 885, 892 (C.D. Cal. 1987) (concluding that where plaintiffs' action consisted of federal claims against some defendants and state law claims against all defendants, but all arose out of a common nucleus of operative fact, removal was proper under § 1441(a) and (b) rather than § 1441(c)).

Defendants have thirty days from the formal date of service of process to remove an action to federal court. 28 U.S.C. § 1446; *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).

### III. DISCUSSION

The City timely removed this action based on federal question jurisdiction because several of Mitchell's claims arise under federal law. Notice of Removal 2. Mitchell seeks to remand the action for three reasons: first, because there is no basis for the Court to exercise diversity jurisdiction, second, because she did not consent to removal, and third, because of procedural defects. Mots. 1–2.

This Court finds that removal is proper because several of Mitchell's claims arise under

Case No.: 26-cv-00017-EJD
ORDER DENYING MOTIONS TO REMAND

United States District Court
Northern District of California

federal law and because the remaining claims form part of the same case or controversy as the claims arising under federal law such that the Court has supplemental jurisdiction over them. Further, there is "no statute or authority [that] requires a defendant to obtain the plaintiff's consent before removing an action from state to federal court." *Neal v. Select Portfolio Servicing, Inc.*, No. 16-cv-04923-EJD, 2017 WL 878380, at *3 (N.D. Cal. Mar. 6, 2017). Finally, although Mitchell states that "[r]emoval of [the] case was procedurally flawed," she does not identify any failure by the City to comply with the removal statutes. *See* Mots. 1–2.

### A. Diversity Jurisdiction

Mitchell argues that the action must be returned to state court because the City is a citizen of California, destroying diversity jurisdiction pursuant to 28 U.S.C. § 1441(b)(2). Mots. 1. This statute, however, applies only when removal is based solely on diversity jurisdiction. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("§ 1441(b) confines removal *on the basis of diversity jurisdiction* to instances where no defendant is a citizen of the forum state. (emphasis added)). Here, because the City removed the action based on federal question jurisdiction, not diversity jurisdiction, § 1441(b)(2) is inapplicable.

### B. Federal Question Jurisdiction

Mitchell alleges violations of her Constitutional rights throughout her Amended Complaint, though does not clearly set forth specific causes of action. *See, e.g.*, Notice of Removal Ex. A 4 (listing alleged violations of the Fourth, Fifth, and Fourteenth Amendments as well as 18 U.S.C. § 242, Deprivation of Rights Under Color of Law); *id.* at 8 (alleging that a November 13, 2025 visit from the Soledad Police Department to her house and officers' activity while there "support[] the Plaintiff's claims for violation of Civil Rights Amendments (4th), (5th), and (14th)"); *id.* at 12 (alleging violations relating to infringement of three federally protected rights). The City notes that these allegations are effectively causes of action for violations of 42 U.S.C. § 1983 and removal is proper because the action includes questions of federal law. Notice of Removal 2, 3–4. "Section 1983 provides a federal cause of action against any person, who, acting under color of state law, deprives another of [their] federal rights." *Conn v. Gabbert*, 526

Case No.: 26-cv-00017-EJD
ORDER DENYING MOTIONS TO REMAND

4

U.S. 286, 290 (1999) (citing 42 U.S.C. § 1983).  Where a plaintiff attempts to state a claim under § 1983, this Court has subject matter jurisdiction over the action.  *See Kwong v. Santa Clara Cnty. Sheriff's Off.*, No. 17-cv-02127-BLF, 2017 WL 1374794, at *2 (N.D. Cal. Apr. 17, 2017).  Here, because Mitchell alleges violations of her federal rights by the City's police officers, this Court has jurisdiction over the resulting claims.  *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) ("[A] federal court may exercise federal-question jurisdiction if a federal right or immunity is 'an element and an essential one, of the plaintiff's cause of action.'" (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 11 (1983) (additional internal quotation marks omitted)).

### C.    Supplemental Jurisdiction

Mitchell also seeks redress for alleged violations of California law.  Mitchell alleges that the events surrounding the car seizure and home inspection give rise to violations of the California Penal Code and Welfare and Institution Code and support a claim for State discriminatory housing practices.  Notice of Removal Ex. A 2–3, 7–8, 11.[2]  The facts surrounding these two events are the same facts that give rise to Mitchell's Constitutional claims such that the state claims share a "common nucleus of operative fact" with the federal claims.  *See Bahrampour*, 356 F.3d at 978.  Accordingly, this Court has supplemental jurisdiction over Mitchell's State law claims pursuant to 28 U.S.C. § 1367(a).[3]

### D.    Request for Costs

Mitchell requests that any costs incurred because of the remand briefing be paid by the City.  Mots. 3.  Where, as here, removal is objectively reasonable, courts deny such requests.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Accordingly, Mitchell's request for

---

[2] Mitchell lists violations of Cal. Welf. & Inst. Code § 15610.30 (Financial Abuse of Elder); Cal. Penal Code § 368 (elder abuse); Cal. Penal Code § 136.1 (witness or victim intimidation); Cal. Penal Code § 487(d)(1) (grand theft of automobile); Cal. Penal Code § 1407 (governing proper holding of property when stolen or embezzled).

[3] The City cites both §§ 1441(a) and 1441(c) as grounds for removal.  The Court finds that § 1441(a) provides for removal of the Constitutional law claims but that § 1367, rather than § 1441(c) provides the basis for this Court's jurisdiction over Mitchell's state claims.

costs is denied.

## IV.    CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1.    Mitchell's motions for remand are DENIED.

2.    Mitchell's request for costs is DENIED.

The Court encourages Mitchell to contact the Federal Pro Se Program, a free program that offers limited legal services and advice to parties who are representing themselves.  Help is provided by appointment and on a drop-in basis.  The program is located in the United States Courthouse at 280 South 1st Street in San Jose, and parties may make appointments by calling 408-297-1480.  Parties may also access the court's Handbook for Pro Se Litigants, available at https://cand.uscourts.gov/representing-yourself/pro-se-handbook or from the Clerk's Office. Additional information regarding the Federal Pro Se Program is available at https://cand.uscourts.gov/representing-yourself/federal-pro-se-program-san-jose-courthouse.

**IT IS SO ORDERED.**

Dated: April 14, 2026

EDWARD J. DAVILA
United States District Judge

Case No.: 26-cv-00017-EJD
ORDER DENYING MOTIONS TO REMAND

6

United States District Court
Northern District of California